IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                                         CHAPTER 13 CASE NO.:

KELLY L. LINVILLE                                                   20-12349-JDW

TRUSTEE'S OBJECTION TO MOTION TO IMPOSE AUTOMATIC STAY

COMES NOW the Chapter 13 Trustee, Locke D. Barkley (the "Trustee"), by and through counsel, and files this objection to the Motion to Impose Automatic Stay (Dkt. #6) (the "Motion") filed by the Debtor and in support thereof states as follows:

1. The Debtor initiated this proceeding with the filing of a voluntary petition for relief on July 20, 2020.

2. Since June 6, 2019, the Debtor has filed four (4) petitions for bankruptcy relief, with the previous three (3) cases ending in dismissal, none of which were confirmed.[1] The previous case, Case No. 20-10782-JDW was dismissed before the case was confirmed. This is the Debtor's fourth Chapter 13 filing in less than two (2) years. The repetitive filing of bankruptcies and the failure to make plan payments and/or failure to file required documents is an abuse of the bankruptcy system. The Trustee submits that the current Petition has not been filed in good faith and; therefore, the automatic stay should not be imposed.

2. In the event the Court determines that the automatic stay should be imposed, the Trustee respectfully requests that the Debtor be made subject to a sixty (60) day "drop-dead provision" beginning with August 1, 2020, and that, should this

---

[1] *In re: Kelly L. Linville,* Case No. 19-21333-JDW (N.D. Miss.) filed on June 6, 2019, and dismissed on September 24, 2019; *In re: Kelly L. Linville,* Case No. 19-14017-JDW (N.D. Miss.) filed on October 3, 2019, and dismissed on December 20, 2019*; In re: Kelly L. Linville*, Case No. 20-10782-JDW (N.D. Miss.) filed on February 21, 2020, and dismissed on March 9, 2020.

case be dismissed, the Debtor should be barred from filing a Chapter 13 bankruptcy case in this district or any other district for a period of no less than one-hundred and eighty (180) days.

WHEREFORE, PREMISES CONSIDERED, the Trustee prays that this response be received and filed and upon a hearing hereon, this Court will enter its order denying the Motion. Alternatively, in the event the Court imposes the automatic stay, the Trustee respectfully requests that the Debtor be subject to the strict compliance provisions requested herein.  The Trustee also requests other such general and specific relief as to which the Trustee and this bankruptcy estate may be entitled.

Dated: July 24, 2020.

Respectfully submitted,

**LOCKE D. BARKLEY
CHAPTER 13 TRUSTEE**

/s/ W. Jeffrey Collier
ATTORNEYS FOR TRUSTEE
W. Jeffrey Collier (MSB 10645)
Melanie T. Vardaman (MSB 100392)
6360 I-55 North, Suite 140
Jackson, Miss.  39296
(601) 355-6661
ssmith@barkley13.com

## CERTIFICATE OF SERVICE

      I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

      Dated: July 24, 2020.

                                          /s/ W. Jeffrey Collier
                                          W. JEFFREY COLLIER